# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| **THERESA BRADLEY,** | : |
| **Plaintiff** | : |
| v. | : 5:06-cv-310 (WDO) |
| **KEITH HALE, et al.,** | : |
| **Defendants** | : |

## ORDER

Plaintiff brings this pro se employment action alleging slander, defamation and disability discrimination. Plaintiff seeks to proceed in forma pauperis. However, Plaintiff submitted an affidavit of indigency indicating that she is currently incarcerated, but the remainder of the affidavit indicates Plaintiff is not a prisoner. In order to determine whether Plaintiff qualifies for in forma pauperis status, this Court requires that Plaintiff complete a non-prisoner affidavit in support of the request to proceed IFP. <u>Martinez v. Kristi Kleaners, Inc.</u>, 364 F.3d 1305 (11th Cir. 2004). If the Plaintiff is a prisoner, she still needs to fill out another affidavit because the one she filed is incomplete - Plaintiff checked that "yes" she was incarcerated but did not indicate where she is incarcerated. Accordingly, the Clerk of Court is instructed to provide Plaintiff with a copy of the Court's non-prisoner IFP form and a copy of the prisoner IFP form. If Plaintiff still wishes to proceed in forma pauperis, she should complete the appropriate form, sign it under penalty of perjury and return it to the office of the Clerk of Court. In the alternative, Plaintiff may pay the entire $350.00 filing

fee.

Plaintiff shall have thirty (30) days from the date of this order to complete the appropriate IFP form or to pay the entire filing fee. Failure to comply with this order shall result in the dismissal of Plaintiff's complaint. There shall be no service of process in this case until further order of the Court.

**SO ORDERED, this 5th day of September, 2006.**

**S/
WILBUR D. OWENS, JR.
UNITED STATES DISTRICT JUDGE**