# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| THERESA BRADLEY, | : |
| | : |
| Plaintiff | : |
| | : |
| v. | :     5:06-CV-310 (WDO) |
| | : |
| KEITH HALE, GOVERNOR SONNY PURDUE and SECRETARY OF STATE CATHY COX, | : |
| | : |
| Defendants | : |

## ORDER

Plaintiff, appearing pro se in this matter, alleges defamation, violation of the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq.*, a 42 U.S.C. § 1983 claim, a claim for "civil conspiracy" and a request for injunctive relief.[1]  Plaintiff named all three Defendants in their individual capacities.  Plaintiff's claims are based on her allegation that the Defendants wrongfully denied her application for a Professional Counselor License.  Defendants filed a motion to dismiss that is now before the Court.  Plaintiff did not file a response to the motion to dismiss.

Because this matter is before the Court on Defendants' motion to dismiss, the Court assumes the following facts as alleged in the Complaint are true and construes them in

---

[1] Plaintiff is a frequent filer in this district and has even challenged the denial of her license in a previous case.  See Bradley v. State of GA, 5:02-CV-440 (DF) (unsuccessfully claiming an ADEA violation).  See also Bradley v. State of GA, 5:02-CV-64 (WDO) (unsuccessfully claiming false arrest for driving under the influence of alcohol); Bradley v. MHM Correctional Services, 5:03-CV-09 (DF) (unsuccessfully claiming discriminatory termination).

1

Plaintiff's favor. In July of 2001, Plaintiff was hired as a Senior Mental Health Counselor to work at Washington State Prison in Davisboro, Georgia. In September of 2001, Plaintiff applied for a Professional Counselor License to advance her position and increase her earnings from $38,000 to $48,000. Plaintiff completed the application materials and submitted them to the licensing board. Based on the denial of her license, Plaintiff claims defamation, violations of the ADA, an alleged violation of 42 U.S.C. § 1983 and a conspiracy among the Defendants to prevent her from obtaining a license and/or to prevent her from working as a counselor. Plaintiff claims the Defendants have "led third parties to believe" that she is (1) a psychopath, (2) an alcoholic, (3) mentally disabled and (4) requires psycho-neurological examination.

### *State Law Claims*

Because Plaintiff failed to satisfy the mandatory ante litem notice requirements set forth in the Georgia Tort Claims Act, and because the GTCA is the exclusive remedy for the alleged tort claims in this case, any tort claim, including Plaintiff's defamation claim, is hereby dismissed. O.C.G.A. § 50-21-26(a). See also Howard v. Miller, 476 S.E.2d 636 (Ga. App. 1996) (Case brought by physician whose license was temporarily suspended was dismissed because physician could not file suit against state or state employees in connection with the suspension or revocation of his license, the physician could not file suit under the Tort Claims Act because of his failure to send the statutorily required ante litem notice to the state, and state government employees were not subject to a lawsuit in their individual capacities arising from the performance of their duties).

*ADA Claim*

Plaintiff's ADA claim is dismissed because there is no individual liability under the ADA and therefore Defendants, each sued in their individual capacity, are not subject to liability under the ADA. Mason v. Stallings, 82 F.3d 1007, 1009 (11th Cir. 1996).

*42 U.S.C. § 1983 Claim*

It is unclear from Plaintiff's pleadings whether she intended to assert the ADA claim through § 1983 or whether Plaintiff intended to assert some additional constitutional violation pursuant to § 1983. To the extent she intended to assert the ADA claim through this statute, it is dismissed for the reason set forth above. To the extent Plaintiff intended to assert any other claim pursuant to § 1983, Defendants are entitled to qualified immunity because Plaintiff failed to present any evidence of conduct that violates any clearly established constitutional rights of which a reasonable person would have known. Chesser v. Sparks, 248 F.3d 1117, 1122 (11th Cir. 2001) (citation omitted). There is no evidence whatsoever, and Plaintiff has pointed to none, that her failure to receive her professional license was based on any illegal, unconstitutional type of discrimination or in violation of any federal constitutional provision, statute or regulation. Although Plaintiff alleged a "conspiracy" among the Defendants to deprive her of her license, Plaintiff's allegation is so vague as to what was allegedly done by whom or when it is impossible to determine if any conspiracy existed among anyone that had anything to do with Plaintiff's license. While Plaintiff did not respond to the motion to dismiss, she did file a motion to disqualify Defendants' counsel. In her reply brief, Plaintiff stated that the Defendants "should have

known" that their alleged conduct violated her constitutional rights. However, what is absent from Plaintiff's pleadings are specific claims regarding the constitutional rights the Defendants allegedly violated. Plaintiff argued the Defendants "violated the norms of decency" but that is not an allegation of the violation of a constitutional right. The Supreme Court has held that "defamation by the government, standing alone and apart from any other governmental action, does not constitute a deprivation of liberty or property under the Fourteenth Amendment." Cannon v. City of West Palm Beach, 250 F.3d 1299, 1302 (11th Cir. 2001) (citing Paul v. Davis, 424 U.S. 693, 694 (1976)). "Essentially, a plaintiff claiming a deprivation based on defamation by the government must establish the fact of the defamation 'plus' the violation of some more tangible interest before the plaintiff is entitled to invoke the procedural protections of the Due Process Clause." Id. (citation omitted). Because Plaintiff failed to meet this standard, any claims she intended to assert, in addition to the ADA claims, pursuant to § 1983 are dismissed.

      SO ORDERED this 14th of December, 2006.


      **S/**
      **WILBUR D. OWENS, JR.**
      **UNITED STATES DISTRICT JUDGE**